# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 19, 2008

136114

KEITH GAYLE DAVIS,
      Plaintiff-Appellee,

v

FOREST RIVER, INC.,
      Defendant-Appellant,
and

KITSMILLER RV, INC.,
      Defendant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 136114
COA: 270478
Ingham CC: 04-000064-CP

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we hereby REVERSE the judgment of the Court of Appeals. For the reasons stated in the Court of Appeals dissenting opinion, the remedy of rescission under Michigan law is unavailable in this case. Further, this case is governed by the Uniform Commercial Code (UCC) as it involves a sale of goods. MCL 440.2102. We REMAND this case to the Court of Appeals for reconsideration of the issues involving the Magnuson-Moss Warranty Act, 15 USC 2301 *et seq.*, that the court found it unnecessary to reach in light of its decision and to reconsider the applicability of the economic loss doctrine and the availability of revocation of acceptance under MCL 440.2608 in light of our holding that the UCC applies in this case.

CAVANAGH, J. (*dissenting*).

I dissent from the majority's hasty dispatch of this case through an order. I find this disposition wholly inadequate given the complexity of the jurisprudentially significant issues on which this Court granted leave to appeal. The order is so unclear that I am unable to detect whether I disagree with its holdings, let alone its reasoning.

First, the order reverses the Court of Appeals and states that the remedy of rescission is unavailable in this case for the reasons stated in the Court of Appeals

dissent. This is the only statement in the order bearing any resemblance to judicial reasoning, and even this is more confusing than illuminating. It is unclear if the majority is reversing the entire Court of Appeals holding or just its remedy.[1] It is also unclear which part of the Court of Appeals dissent the majority intends to incorporate.[2] The order cannot be read as adopting the Court of Appeals dissent in its entirety because the dissent argued that the UCC does not apply to this transaction and the order expressly rejects that proposition in its next sentence. This provision provides the Court of Appeals and the parties with insufficient guidance on what law, if any, the order establishes in these areas.[3]

Second, the order states that "this case is governed by the Uniform Commercial Code (UCC) as it involves a sale of goods." It then provides a bare citation of MCL 440.2102. Section 2102 states that "[u]nless the context otherwise requires, this article applies to transactions in goods." This statement and the citation of this statute add no value to this case as neither the lower courts nor the parties have contested that this action involves a sale of goods. The statement also fails to provide the parties any useful guidance on the issues in this case pertaining to the UCC, including whether the relevant UCC provisions require privity and to what extent plaintiff's third-party beneficiary status enables him to seek relief under the UCC.

---

[1] The Court of Appeals held that plaintiff was entitled to rescission for defendant's breach of implied warranty because (1) Michigan law long ago established that purchasers may seek the remedy of rescission against remote, out-of-privity manufacturers for breach of implied warranty; (2) the Uniform Commercial Code (UCC) and the economic loss doctrine are inapplicable to this case because the parties were not in privity; and (3) the UCC only abolished rescission as a remedy where the parties have a contract. *Davis v Forest River, Inc*, 278 Mich App 76, 91 (2008).

[2] The Court of Appeals dissent reasoned that: (1) a plaintiff cannot seek rescission as a remedy for an implied warranty because there is no contract to rescind; (2) the UCC remedy of revocation of acceptance replaced rescission for out-of-privity plaintiffs; and (3) the UCC only applies if the parties are in privity. *Davis*, 278 Mich App at 92-94 (Bandstra, J., dissenting).

[3] The order fails to provide guidance or resolution on several questions that may have an effect on the outcome of this case and that were already addressed by the Court of Appeals. For example: Does Michigan statutory or common law provide a cause of action for a breach of warranty when the parties are not in privity? Is rescission available as a remedy for defendant's breach of its express warranty? Did the UCC's remedy of revocation of acceptance supplant the equitable remedy of rescission? If so, did it do so only when parties are in privity, whenever the UCC applies, or in general?

Third, the order directs the Court of Appeals to consider if revocation of acceptance is available "in light of our holding that the UCC applies in this case." I am unclear what purpose this instruction serves. Both the majority and the dissent in the Court of Appeals already stated that the UCC remedy of revocation of acceptance is not available absent privity. As stated earlier, the order's inadequate statement that "the UCC applies" provides no useful guidance on how to apply the provisions of the UCC at issue in this case. Therefore, the order essentially directs the Court of Appeals to answer a question that it has already answered, without providing any new holding or legal reasoning that would give the Court of Appeals reason to reconsider its original holding. Apparently the efforts that the parties and lower courts already expended on this issue were a waste of their time as well as of this State's limited judicial resources.

I find it unacceptable for this Court to direct the Court of Appeals and the parties to readdress these issues with only the confusing and inadequate "guidance" this order provides. This Court should provide clarity, not confusion, to the courts below. The questions this order fails to address are not theoretical; to the contrary, the questions are directly necessary for resolution of this case.[4] Accordingly, I dissent.

WEAVER and KELLY, JJ., join the statement of CAVANAGH, J.

---

[4] Indeed, many are the questions this Court asked the parties to address in its order granting leave to appeal. *Davis v Forest River, Inc*, 481 Mich 918 (2008).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 19, 2008

Clerk